**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| SUE ANNE CLONINGER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 4:15-cv-00241-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Sue Anne Cloninger, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Supplemental Security Income. Both parties have submitted appeal briefs and the case is ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Ms. Cloninger was forty years old at the time of the hearing. (Tr. 30). She only went as far as the eleventh grade in school (Tr. 31) but later earned a general equivalency diploma in 2011. (Tr. 30). The ALJ determined she had past relevant work as a cleaner/houskeeper and home attendant.

1

(Tr. 20).

The Administrative Law Judge (ALJ) considered Plaintiff's impairments with the required five-step sequential evaluation process.  20 C.F.R. § 404.1520.  First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since date she applied for disability benefits.  (Tr. 14).  At step two, the ALJ found that, based solely on the medical evidence, Plaintiff had "severe" impairments within the meaning of the Social Security regulations, in the form of obesity, non-pitting edema in her ankles, and depression.  (*Id.*)

The third step involved a determination, again based solely on the medical evidence, of whether Plaintiff's severe impairments met or equaled a listed impairment which is presumed to be disabling.  The ALJ determined Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing.  (*Id.*).

At the fourth step, the ALJ was required to determine whether Plaintiff had sufficient residual functional capacity, despite her impairments, to perform her past work.  The ALJ established that Plaintiff retained the residual functional capacity to perform the medium work where "interpersonal contact is routine and superficial, complexity of tasks is learned by experience, consisting of several variables, judgment within limits, and supervision required is little for routine but detailed for non-routine."  (Tr. 16).

Next, the ALJ utilized the services of a vocational expert to determine the availability of jobs that Plaintiff could perform given her restrictions.  (Tr. 35, 37-40).  Based on the vocational expert's testimony, the ALJ assessed Plaintiff could perform her past work.  (Tr. 21).  Consequently, the ALJ concluded Plaintiff was not disabled.  (*Id.*)

Ms. Cloninger disagrees with the ALJ's conclusion and argues he failed to properly develop the record (Pl.'s Br. 12-14), improperly assessed her residual functional capacity (Pl.'s Br. 15-16), and committed error by concluding his analysis at step four (Pl.'s Br. 17-20).  After careful review of the pleadings and the record in this case, I find the ALJ's decision is supported by substantial evidence.

With regard to her first argument, Ms. Cloninger believes, *inter alia*, the Commissioner was

at fault for not requiring she be tested using the Wechsler Adult Intelligence Scale. She comes to that conclusion largely based on the evaluation by Don Ott, Psy.D. As Plaintiff notes, Dr. Ott checked the "undecided" box when asked if Ms. Cloninger appeared to be functioning within or near the mentally retarded range. I find this argument to be without merit.

As an initial point, it is the Social Security claimant who bears the burden of proving disability. *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996). Thus, Plaintiff could have requested the ALJ to order the test or even obtained the test on her own if she thought it would be beneficial to her case. Nevertheless, Dr. Ott's report simply provides little evidence of disability. To the contrary, Dr. Ott's evaluation supports the ALJ's conclusion that Ms. Cloninger is capable of performing work related activities with the limitations noted in the opinion.

Plaintiff has not met her burden of proving she is disabled. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Plaintiff's medical evaluations do not show the existence of a medically determinable physical impairment. The Mental Diagnostic Evaluation by Sam Boyd, Ph.D., shows nothing to support an allegation of a disabling mental impairment. (Tr. 240-44.) And the Mental Residual Functional Capacity Assessment (Tr. 319-22) and Psychiatric Review Technique Form (Tr. 323-35) completed by Christal Jannsen, Ph.D., support the ALJ's conclusion. The General Physical Examination by Garry Stewart, M.D., (Tr. 300-307) and Physical Residual Functional Capacity Assessment by Bill F. Payne, M.D., (Tr. 311-318) show no disabling physical impairments.

I have considered Plaintiff's other arguments and find they are without merit. Counsel has zealously advocated for her client but the medical evidence shows no proof of disability. Undoubtedly, Ms. Cloninger experiences some degree of limitation. I do not take lightly the

struggles she articulated at the administrative hearing. However, as stated, Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this <u>5th</u> day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4